UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN REESE, | ) | CASE NO. 3:21-cv-00993 |
| Petitioner, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) ) | |
| STATE OF OHIO, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) ) | |

On November 9, 2023, *pro se* petitioner Shawn Reese filed a "Motion for Rule 60 Relief" from the Court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (R. 26). On May 16, 2023, the Magistrate Judge issued his Report and Recommendation (R&R) that considered both of Petitioner's claims in the amended petition (R. 12), and recommended they be denied. (R. 23).[1] Over three months later, on August 30, 2023, the Court adopted the R&R after Reese failed to file timely objections. (R. 24). This Court found no clear error in the R&R and agreed with the findings set forth therein. *Id.*

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

---

[1] The R&R also stated that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019)."

>    misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

"[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (*citing Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (*citing Crehore v. United States*, 253 Fed. App'x 547, 549 (6th Cir. 2007)).

Reese asserts that he did not receive either the Magistrate Judge's R&R or the Court's Memorandum Opinion and Order and Judgment Entry, which the Court construes as an argument for relief from judgment due to excusable neglect. (R. 26). Reese claims that prison staff told him he did not have any incoming legal mail. (R. 26, PageID# 1025). Reese offers no evidence to support this proposition, and a letter he attaches from the Ohio Department of Rehabilitation and Corrections does not corroborate his assertion that no mail was received, as the letter merely addresses changes in mail processing procedures. (R. 26-1, PageID# 1030).

The Court notes that the R&R was mailed to Reese on May 16, 2023, using the following address: "Shawn Reese #A760-505, Toledo Correctional Institution, 2001 East Central Avenue, Toledo, OH 43608." This Court's Memorandum Opinion Order and Judgment Entry were mailed

months later to the same address. The addresses match both Petitioner's address on the docket, as well as the address Reese recently provided on the service page of his motion for relief from judgment. (R. 26, PageID# 1029). Moreover, neither of the Court's two separate mailings, made months apart, were returned to the Court as undeliverable. The Court finds Reese has failed to carry his burden of establishing his entitlement to relief by clear and convincing evidence.

Further, Reese acknowledges that he did not check on the status of his case between February of 2023 and October 23, 2023, a period of nearly nine months. (R. 26, PageID# 1024). Thus, even assuming *arguendo* that he did not receive either the R&R or the Judgment Entry, Reese has not shown that his neglect was excusable.

Reese also asserts that allowing him to file untimely objections would not be futile. (R. 26, PageID# 1026). Specifically, his motion indicates that he plans to argue that he should not have been convicted based on Ohio's castle doctrine. *Id*. Such an objection would indeed be futile, as it is completely unrelated to the grounds for relief raised in the amended petition.[2] The R&R confined its analysis to the two grounds for relief as they were presented to the state courts, properly observing that claims not presented on appeal are unexhausted and defaulted. (R. 23, PageID# 1005, 1015, 1017). Thus, Reese's castle doctrine argument would amount to a brand new ground for relief that was not presented to the state courts, and his attempt to include such an argument in objections would have no bearing on the Court's review of the R&R.

Therefore, the motion for reconsideration (R. 26) is hereby DENIED.

Finally, the Court reaffirms its prior certification that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of

---

[2] The grounds for relief that were presented (and not defaulted) alleged judicial bias in ground one and ineffective assistance of counsel for failing to fraise judicial bias in ground two.

appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

Date: October 15, 2024            s/ *David A. Ruiz*
                                        David A. Ruiz
                                        United States District Judge